John B. Keating (SBN: 148729)
236 West Portal Avenue #851
San Francisco, CA 94127
JohnKeating@protonmail.com
Fax (650) 851-5912
Tel  (650) 851-5900

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID WARNER, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>U.S. BANK, N.A. and DOES 1 through )<br>10 inclusive, )<br>)<br>Defendants. )<br>) | CASE NO.:  5:20-cv-1462<br><br>COMPLAINT FOR DAMAGES |

Plaintiff, by and through his attorney, John B. Keating, Esq., as and for his complaint against the Defendant U.S. BANK, N.A. alleges as follows:

**INTRODUCTION**

1. This is an action for damages brought by an individual consumer for Defendant's violations of: the Electronic Fund Transfer Act ("EFTA") or 15 U.S.C. §§ 1693 et seq., which protects consumers by regulating banks; the Truth in Savings Act ("TISA") or 12 U.S.C. §§ 4301 et seq. which requires certain disclosures and regulates the fees assessable against bank accounts; the Rosenthal Fair Debt Collection Practices Act ("Rosenthal Act") or California Civil Code §1788, et seq. which prohibits creditors and/or debt collectors from engaging in abusive, deceptive and unfair practices; and California Business and Professions Code §17200 et seq. which includes any unlawful,

unfair or fraudulent business act. Plaintiff also alleges negligence, breach of contract and violations of and intrusion upon seclusion.

## PARTIES

2. Plaintiff David Warner is a "consumer" as defined by 15 U.S.C. §1693a and resides in San Bernardino County, California.

3. Upon information and belief, the Defendant U.S. BANK, N.A. is a "financial institution" as defined pursuant to 15 U.S.C. § 1693a, as well as a "creditor" and "debt collector" as defined pursuant to Cal. Civil Code §1788.2, with its corporate headquarters located in Cincinnati Ohio.

## JURISDICTION

4. This Court has jurisdiction pursuant to 15 U.S.C. §1693m and 28 U.S.C. § 1331 and the Court's supplemental jurisdiction, 28 U.S.C. §1367. Venue is proper in this district pursuant to 28 U.S.C. § 1391(c), as the Defendant regularly conducts business in this district and the conduct which gives rise to this action occurred substantially in this district.

## FACTUAL BACKGROUND

5. The Plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

6. That a personal debt was allegedly incurred by someone other than Plaintiff on an HSBC Bank Nevada N.A. account.

7. That upon information and belief, a lawsuit (case no.30-2010-00391607 in the Superior Court of California, County of Orange) hereinafter referred to as the "Collections Lawsuit") was filed against one "David Rojo" in an attempt to collect on the aforementioned debt.

8. That upon information and belief, Plaintiff was a victim of identity theft and had no connection to the account or debt sued upon.
9. That upon information and belief, Plaintiff was never personally served and did not have actual knowledge of the Collections Lawsuit and the default judgment at the time it was obtained.

*Count One*

10. The Plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.
11. That in or about July 2019, Defendant caused Plaintiff's bank account to be levied, pursuant to the default judgment in the Collections Lawsuit.
12. That Defendant unlawfully and erroneously withdrew funds from Plaintiff's account where the judgment was against one "David Rojo," not "David Warner."
13. That Defendant failed to exercise its due diligence before levying Plaintiff's bank account because it withdrew funds from an account that did not belong to the judgment debtor, one "David Rojo."
14. That Defendant abused and harassed Plaintiff by unlawfully proceeding with the levy and was therefore taking legal action against Plaintiff that could not legally be taken.

*Count Two*

15. The Plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.
16. That Defendant seized approximately $329.64 from Plaintiff and caused an additional $100.00 in fees to be deducted from Plaintiff's bank account.
17. That the fees taken by the Defendant constitute an unauthorized fund transfer pursuant to fraud and were therefore, not permitted by law.
18. That to date, Plaintiff has not been fully reimbursed for the funds Defendant wrongfully withdrew from Plaintiff's bank account.

19. That upon information and belief, Defendant's conduct confused and deceived Plaintiff as to the status of his account.

20. That as a result of Defendant's conduct, Plaintiff suffered actual damages, including, but not limited to, stress, anxiety, aggravation, sleepless nights and monetary losses.

21. That Defendant's conduct caused Plaintiff to endure extreme emotional distress, feelings of helplessness, and, in the face of the monetary losses, pressure from legal proceedings and the uncertainty and confusion from where the alleged judgment originated.

## AS AND FOR A FIRST CAUSE OF ACTION

22. The Plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

23. By its acts and practices as hereinabove described, the Defendant has violated the Electronic Fund Transfer Act ("EFTA") as follows, without limitation:

    a. Defendant violated 15 U.S.C. §1693c for failing to make the proper disclosures as required by law; and

    b. Defendant violated 15 U.S.C. §1693f for committing an unauthorized electronic fund transfer and other errors.

24. That as per 15 U.S.C. § 1693 et seq. and as a result of the above violations, the Defendant is liable to the Plaintiff for actual and statutory damages in an amount to be determined at the time of trial but not less that $1,000.00 per violation, plus costs and attorney's fees.

## AS AND FOR A SECOND CAUSE OF ACTION

25. The Plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

26. By its acts and practices as hereinabove described, the Defendant has violated the Truth in Savings Act ("TISA") as follows, without limitation:

    a. For failing to maintain a proper schedule of fees; and

    b. For failing to make certain disclosures on fees and charges as required by law.

27. That as per 12 U.S.C. § 4301 et seq. and as a result of the above violations, the Defendant is liable to the Plaintiff for actual and statutory damages in an amount to be determined at the time of trial but not less than $1,000.00 per violation, plus costs and attorney's fees.

## AS AND FOR A THIRD CAUSE OF ACTION

28. The Plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

29. The Rosenthal Fair Debt Collection Practices Act (Rosenthal Act), California Civil Code § 1788, et seq., prohibits unfair and deceptive acts and practices in the collection of consumer debts.

30. That upon information and belief, the Defendant has attempted to collect on amounts that are falsely inflated, not authorized by agreement and/or not permitted by law.

31. By its acts and practices as hereinabove described, the Defendant has violated the Rosenthal Act as follows, without limitation:

    a. Defendant has violated §1788.10(f) which prohibits threats to take actions against the debtor which is prohibited by said title; and

    b. Defendant has violated §1788.13(e) by making the false representation that the consumer debt may be increased by the addition of attorney's fees, investigation fees, service fees, finance charges, or other charges if, in fact, such fees or charges may not legally be added to the existing obligation.

32. Pursuant to § 1788.30 of the Rosenthal Act, Plaintiff is entitled to recover his actual damages sustained as a result of the Defendant's violations of the Rosenthal Act. Such damages include, without limitation, statutory damages, any actual damages sustained, other resulting monetary losses and damages, and emotional distress suffered by Plaintiff, which damages are in an amount to be proven at trial.

33. In addition, because the Defendant's violations of the Rosenthal Act were committed willingly and knowingly, Plaintiff is entitled to recover, in addition to his actual damages, penalties of at least $1,000 per violation as provided for in the Act.

34. Pursuant to § 1788.30(c) Rosenthal Act, Plaintiff is entitled to recover all attorneys' fees, costs and expenses incurred in the bringing of this action.

### AS AND FOR A FOURTH CAUSE OF ACTION

35. Plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

36. The California Business and Professions Code §17200, et seq., prohibits unfair competition, which includes any unlawful, unfair or fraudulent business act.

37. That Defendant, by engaging in the acts hereinabove described, has committed violations under the aforementioned statutes and codes; that said acts are therefore per se violations of the California Business and Professions Code Section 17200 et seq.

38. That the harm caused by Defendant's conduct outweighs any benefits that Defendant's conduct may have.

39. That a consumer like the Plaintiff is likely to be deceived, and that the Plaintiff was in fact deceived, by Defendant's conduct.

40. That the Defendant has been unjustly enriched by committing said acts.

41. That as a result of Defendant's conduct, Plaintiff has been harmed and has suffered damages in the form of monetary losses, extreme embarrassment, humiliation, shame, stress, anxiety, aggravation and sleepless nights.

42. That as a direct and proximate result of Defendant's unlawful, unfair and fraudulent business practices as alleged herein, Plaintiff has suffered substantial injury in fact and lost money and/or property.

43. That pursuant to California Business and Professions Code § 17200, et seq., Plaintiff is entitled to recover his actual damages and restitution and for appropriate equitable and injunctive relief

**AS AND FOR A FIFTH CAUSE OF ACTION**

44. Plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.
45. That Defendant had a duty to use ordinary care to the Plaintiff.
46. That Defendant, by engaging in the acts hereinabove described, breached its duty to the Plaintiff.
47. That Defendant's conduct caused damage to the Plaintiff.

**AS AND FOR A SIXTH CAUSE OF ACTION**

48. Plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.
49. That Plaintiff had a reasonable expectation of privacy.
50. That Defendant intentionally intruded in Plaintiff's privacy by, among other things, unlawfully attempting to collect a debt from Plaintiff and illegally levying his bank account.
51. That Defendant's intrusion would be highly offensive to a reasonable person.
52. That Plaintiff was harmed by Defendant's conduct.
53. That Defendant's conduct was a substantial factor in causing Plaintiff's harm.
54. That Defendant intentionally caused harm to Plaintiff's emotional well-being by engaging in highly offensive conduct in the course of collecting the judgment and thereby invading, and intruding upon Plaintiffs rights to privacy.
55. That Defendant acted with malice, fraud and/or oppression, warranting exemplary and/or punitive damages.
56. That the actions taken by the Defendant indicate a willingness to execute, maintain, and pursue improper business practices.
57. That in pursuing their egregious, and unlawful debt collection efforts against Plaintiff, the Defendant acted with malice, oppression, and fraud as defined by Cal. Civ. Code §3294(c)(1),(2),(3).

**AS AND FOR A SEVENTH CAUSE OF ACTION**

58. Plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

59. That Defendant breached its contract with the Plaintiff by the following acts which include, but are not limited to: making various misrepresentations and confusing notations regarding the status of Plaintiff's charges and/or refunds; and failing to make the proper disclosures, adjustments and/or credits on the Plaintiff's account.

60. That the Plaintiff has suffered damages as a result of the Defendant engaging in the acts hereinabove described.

**WHEREFORE,** Plaintiff respectfully prays for the following relief:

(a) Statutory damages and actual damages in an amount to be determined at the time of trial;

(b) Statutory damages and actual damages provided by statute, including, but not limited to 15 U.S.C. § 1693m et seq., 12 U.S.C. § 4310 et seq., Civil Code §1788.30 et seq., and California Business and Professions Code §§17200, et seq and Cal. Civ. Code §3294;

(c) Special, general, and compensatory damages and punitive damages;

(d) Equitable and injunctive relief;

(e) Restitution;

(f) Costs and reasonable attorney's fees provided by statute, including 15 U.S.C. § 1693m, 12 U.S.C. § 4310 et seq, California Civil Code §1788.30, *et seq.*, common law and/or the Court's inherent power; and

(g) For such other and further relief as may be just and proper, including but not limited to a preliminary and permanent order enjoining the Defendant and its agents, employees, affiliates and/or subsidiaries, from collecting or attempting to collect monies not authorized by law from Plaintiff, or from otherwise engaging in the unlawful and unfair acts and practices alleged herein.

1    Plaintiff requests trial by jury on all issues so triable.

Dated: July 22, 2020                    Respectfully Submitted,

                                           /S/ John B. Keating
                                          John B. Keating (SBN: 148729)
                                          236 West Portal Avenue #851
                                          San Francisco, CA 94127
                                          JohnKeating@protonmail.com
                                          Fax (650) 851-5912
                                          Tel  (650) 851-5900